IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FRANK C. WARNER                                                    PLAINTIFF

v.                                    No. 3:18-cv-169-DPM

U.S. DEPARTMENT OF EDUCATION,                          DEFENDANT
Betsy DeVos, Secretary

## ORDER

In the 1970's and 1980's, Warner took out some student loans for graduate school and then consolidated three of them. The original total on this consolidated loan was approximately $14,500. The current amount due, with penalties and interest, is allegedly north of $40,000. He made some payments;  he also put his consolidated loan in deferment and forbearance for periods of time.  By early 1995, the original, signed promissory note for the consolidated loan had been lost.  Later that year, Warner defaulted.  In 1999, more than twenty years ago, his debt was assigned to the Department of Education, which received a mostly illegible copy of the original promissory note. Since 2003, the Department has collected payments from Warner through the Treasury Offset Program—taking tax refunds, Social Security benefits, and other government payments.  Based on the low-quality copy of the promissory note, Warner challenged the offset payments.  The Department rejected his challenge, concluding that Warner's debt was enforceable.  He then brought this case.

Warner and the Department each seek judgment on the administrative record.  Warner mostly seeks monetary and injunctive relief;  he also says the Department's decision rejecting his challenge was arbitrary and capricious.  The Department seeks judgment on the basis that Warner's debt is enforceable.  To the extent Warner's claims are beyond the Administrative Procedure Act, the Court has taken the material facts, where genuinely disputed, in the light most favorable to the non-moving party.    *Smith-Bunge v. Wisconsin Central, Ltd.*, 946 F.3d 420, 424 (8th Cir. 2019).

Warner's motion to strike the Department's exhibits outside the record is denied.  The Department's affidavits and the legible copy of the sample promissory note, which (according to those affidavits) mirrors Warner's, helped explain the record to the Court;  they did not alter or expand the Department's rationale for its decision.  *Doc. 34-1 at 5*;  *Sierra Club v. U.S. Army Corps of Engineers*, 771 F.2d 409, 413 (8th Cir. 1985).

Warner asserts many federal and state claims.  His core premise, though, is that the Department can't enforce his debt without producing a legible promissory note signed by him.  As he puts it, "No promissory note, no loan!"  *Doc. 25 at 1*.

This premise is incorrect.    To enforce Warner's debt, the Department must show that he signed a promissory note, the Department holds the note, and the note is in default.  *United States v.*

*Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009).   The Department may show evidence of the note;   it need not produce the original, signed instrument.  *Petroff-Kline*, 557 F.3d at 285;  *see also United States v. Carter*, 506 F. App'x 853, 858–59 (11th Cir. 2013) (*per curiam*) (unpublished opinion with only persuasive authority, Eleventh Circuit Rule 36-2). Here, the record satisfies these elements;   and Warner does not genuinely dispute any of them.   In his response to the Department's motion for judgment, Warner denies signing the promissory note for the consolidated loan.  *Doc. 44 at 12–13*.  In the same paper, though, Warner "does not dispute the existence of three loans consolidated into one loan."  *Doc. 44 at 16*.  And, in the record, Warner refers to his loans' promissory notes as "the actual document(s) which I signed almost 30 years ago" and "the promissory notes that I signed."  *AR 52 & 57*.  He never denies signing any of these notes.   Between Warner's social security number on the almost-illegible copy, his signature on the forbearance and deferment agreements, and the other documentation of his loan, the Department has provided sufficient evidence that Warner's debt exists and thus is enforceable.   The Department's inability to produce Warner's original, signed promissory note, or a legible copy of it, doesn't make a material difference.   Warner's claims therefore fail.

The Arkansas statute of frauds doesn't help Warner for two reasons.   First, loans where there was a complete performance on one

side at the time the contract was made generally don't fall within statutes of frauds. RESTATEMENT (SECOND) OF CONTRACTS § 130(2) & *Comment d* (1981). There's no good reason for thinking Arkansas would depart from this general understanding in applying its statute. ARK. CODE ANN. § 4-59-101(a)(6). This is especially true here because, for years Warner partly performed, too, either making payments on the consolidated loan or putting it in forbearance and deferment. *Talley v. Blackmon*, 271 Ark. 494, 497, 609 S.W.2d 113, 115 (Ct. App. 1980). Second, a statute-of-frauds argument is a poor fit because the Department did not enter into a bilateral contract with Warner. Rather, Warner's debt was assigned to the Department, by which point the original promissory note had already been lost. In these circumstances, the Uniform Commercial Code illuminates by analogy. Promissory notes for federally backed student loans are not negotiable instruments, but the UCC can still offer guidance in these odd circumstances. *See Carter*, 506 F. App'x at 858–59; 22 WILLISTON ON CONTRACTS § 60:10 (4th ed.). In general, of course, a party seeking to enforce a promissory note must possess it. But, in certain circumstances, a party can enforce even a lost or destroyed note. U.C.C. § 3-309; WILLISTON, *supra*, at § 60:50. This settled UCC rule also suggests that the Department can enforce Warner's debt based on the poor copy of the note in its possession.

Warner has made other requests.  He asked the Court to rule within thirty days on his motion for judgment.  *Doc. 26 at 2*.  The Court couldn't do so because of other pressing matters.  Warner also made a passing request to amend his complaint to assert fraud and perjury found during discovery.  *Doc. 42 at 2*.  He fleshed out these points in his briefing.  Whatever the merit in the Department's many responding sovereign immunity arguments, the request to amend is denied as futile.  *Zutz v. Nelson*, 601 F.3d 842, 850–51 (8th Cir. 2010).  The alleged fraud involves the core dispute about the debt, the offset collections, and the Department's failure to pay Warner interest on those amounts. *E.g., Doc. 26 at 12–13, 27 & 31–33*.  (Warner estimates that the Department now owes him approximately $5 million.  *E.g., Doc. 30 at 2*.) These allegations succumb to the Court's ruling about the debt's validity.  And perjury is a crime, not a civil claim.  Even construed as a felony tort claim, ARK. CODE ANN. § 16-118-107, this allegation fails because it is of a piece with the core dispute.  Finally, Warner also asked the Court to consider whether his situation is unique or whether the Department has treated others as it has allegedly treated him.  *Doc. 43 at 2*.  That is not a proper inquiry for this case, which only concerns Warner.

\*   \*   \*

Warner's motion to strike, *Doc. 42*, is denied.  The debt is enforceable.  The Department's collection through offsets, and denial of

Warner's request for relief from those offsets, was not arbitrary, capricious, or contrary to law.  Warner's claims fail as a matter of law on the record presented.  Warner's motion for judgment, *Doc. 25*, is denied.  The Department's motion for judgment, *Doc. 33*, is granted. The Court will dismiss all of Warner's federal and state claims with prejudice.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

4 May 2020